IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BOBBY DUPREE,<br><br>                Petitioner,<br><br>   vs.<br><br><br>ZANE NIGHSWONGER, Superintendent III, Alaska Department of Corrections,<br><br>                Respondent. | No. 3:19-cv-00064-JKS<br><br>ORDER OF DISMISSAL |

Bobby Dupree, a state prisoner now represented by counsel, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. Docket No. 1 ("Petition"). Dupree is in the custody of the Alaska Department of Corrections ("DOC") and incarcerated at Spring Creek Correctional Center on his 2002 conviction for first-degree sexual assault.[1] In his Petition, Dupree does not challenge that conviction but rather contends that the DOC has erred in calculating his sentence and compliance credits such that he is entitled to immediate release. Although Dupree purports to bring his claims under 28 U.S.C. § 2241, the Court construes the Petition as brought pursuant to 28 U.S.C. § 2254 because § 2254 is the exclusive vehicle for a

---

[1] The judgment against Dupree was affirmed by the Alaska Court of Appeals. *Dupree v. State*, No. A-8361, 2004 WL 2914982, at *1 (Alaska Ct. App. Dec. 15, 2004).

-1-

habeas petition by a state prisoner in custody pursuant to a state court judgment,[2] even where, as here, the petitioner is not challenging the underlying state court conviction. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.2d 546 (9th Cir. 2010).

This Court, through a previously-assigned district judge, granted Dupree's request for Court-appointed counsel.[3] Docket Nos. 8, 10. Appointed counsel notified the Court that he intended to rely on the *pro se* motion at Docket No. 1.[4] Docket No. 15. Respondent has answered, and Dupree has not replied. The case is now before the undersigned judge for

---

[2] Section 2241 is the catchall habeas statute for alleged wrongs that are incapable of redress under other provisions of the law. A state pre-trial detainee who is not in custody pursuant to the judgment of a state court when he files his petition may seek relief under § 2241 because § 2254 does not apply to pre-trial detainees in state custody. *See Stow v. Murashige*, 389 F.3d 880, 882-83, 886-88 (9th Cir. 2004).

[3] There is no constitutional right to counsel in federal habeas proceedings. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Appointment of counsel is not required in a habeas corpus proceeding in the absence of an order granting discovery or an evidentiary hearing. *See* Rules Governing Section 2254 Cases in the U.S. District Courts, Rule 6(a), 8(c). A federal may under the Criminal Justice Act appoint counsel in this case if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."). When Dupree filed his Petition, however, requests for counsel were routinely granted in all federal habeas cases in the District of Alaska.

[4] Counsel appointed for criminal defendants in direct appeals who, like appointed counsel in this case, conclude that there is no merit to the case, are typically required to abide by *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the U.S. Supreme Court "set forth a procedure for an appellate counsel to follow in seeking permission to withdraw from representation when he concludes that an appeal would be frivolous; that procedure includes the requirement that counsel file a brief 'referring to anything in the record that might arguably support the appeal.'" *Smith v. Robbins*, 528 U.S. 259, 268 (2000) (quoting *Anders*, 386 U.S. at 744). Because there is no general constitutional right to counsel in collateral post-conviction review proceedings, however, petitioners do not have a constitutional right to insist on the *Anders* procedures in federal habeas proceedings. *See Graves v. McEwen*, 731 F.3d 876, 878 (9th Cir. 2013).

-2-

adjudication.

## I. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Dupree challenges the calculation and execution of his sentence and apparently avers that he is entitled to immediate release. Specifically, Dupree argues that: 1) he is being held past the maximum term of imprisonment; 2) "the date parole ends must be given to parolee;" 3) his parole "has not been tolled correctly;" and 4) "the appellant's parole cannot be extend[ed] beyond the maximum release date."

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The term unreasonable is a common term in the legal world. The Supreme Court has cautioned, however, that the range of reasonable judgments may depend in part on the nature of the relevant rule argued to be clearly established federal law. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon

-3-

the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

III. DISCUSSION

The thrust of Dupree's claims is that DOC has erred in calculating his sentence and accounting for his time in custody. As relief for the alleged errors, he seeks an order requiring DOC to adjust his time accounting by correcting his release date and the end date of his parole supervision.

-4-

Respondent urges the Court to dismiss the Petition for lack of exhaustion. This Court may not consider claims that have not been fairly presented to the state courts. 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases). Exhaustion of state remedies requires the petition to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Id.* at 365-66. To satisfy the "fairly present" requirement, the petitioner must present his or her federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam). In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court. Respondent correctly notes that it does not appear that Dupree has presented his claims all the way to the Alaska Supreme Court.

Moreover, the Court take judicial notice[5] that the state court records indicate that Dupree filed in the Alaska Superior Court an application for post-conviction relief pursuant to Alaska Criminal Rule 35.1(a)(5) on March 11, 2019. *See* https://records.courts.alaska.gov/ (Case No. 3AN-19-05861C). The records indicate that the State moved to dismiss the application, and Dupree replied. *Id.* The records further indicate that the case remains pending while additional briefing has been ordered. *Id.* In his response in the instant case, Respondent attaches a copy of

---

[5] Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

Dupree's state post-conviction relief application, Docket No. 17-1, the accuracy of which Dupree apparently does not dispute. The state application raises claims identical to the ones at issue here, with citations to the same statutory provisions.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Although *Younger* itself held that, absent extraordinary circumstances, a federal court may not interfere with a pending state-criminal prosecution, the Supreme Court and the Ninth Circuit have extended *Younger* abstention to civil cases on numerous occasions. *Bowen v. Clay*, No. SACV 09-0359, 2009 WL 1160931, at *1 (C.D. Cal. Apr. 24, 2009)("This principle of '*Younger* abstention' is also applicable to claims raised in federal habeas corpus proceedings.") (citing *Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998); *Carden v. State of Montana*, 626 F.2d 82, 83-85 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980)).

The Supreme Court laid out a three-part test for determining when to apply *Younger* in a civil proceeding, holding that abstention is required so long as the state proceedings: (1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). To these three threshold requirements, the Ninth Circuit has articulated an implied fourth requirement that abstention is required if (4) the federal court action would "enjoin the proceeding, or have the practical effect of doing so." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007). "Nevertheless, the federal courts will not abstain if the movant can establish that the state proceedings are being undertaken in bad faith or for purposes of harassment or that some other 'extraordinary circumstances' exist, such as proceedings pursuant to a 'flagrantly' unconstitutional statute." *Bowen*, 2009 WL 1160931, at *1 (quoting *Younger*, 401 U.S. at 53-54).

A review of these factors in this case weigh in favor of applying the *Younger* doctrine in

this case.  Ensuring the validity of its convictions is an important state interest.  *See Contreras v. Schiltgen*, 122 F.3d 30, 33 (9th Cir. 1997) (holding that a petitioner currently in federal custody seeking to challenge his future state custody may only do so in an action against the state "which has the greatest interest in preserving its judgment and the best ability to either correct or defend it").  Likewise, it is clear that the federal implications of each of the state-law issues Dupree is attempting to assert in this proceeding may be raised in his pending state-court proceeding.  Moreover, if this Court were to grant Dupree the relief requested, it would effectively render any further action by the Alaska state courts a nullity.  Under the *Younger* doctrine, the Court may not enter such a judgment.  Indeed, it lacks jurisdiction to do so.  Accordingly, this Court must abstain and dismiss this action.  *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1081 (9th Cir. 1987) ("When a case falls within the proscription of *Younger*, a district court must dismiss the federal action.") (citation omitted).

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED without prejudice**.  Mr. Dupree may file a timely new habeas petition in this Court after all federal claims that he seeks to raise have been exhausted in the state courts by presentation first to the Alaska Superior Court and then, if Mr. Dupree disagrees with that result, to the Alasksa Court of Appeals, and then, if he disagrees with that result, in a petition for hearing to the Alaska Supreme Court.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*,

537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: October 18, 2019.

 /s/ James K. Singleton, Jr. 
JAMES K. SINGLETON, JR.
Senior United States District Judge
